There's a little... I think she just covered it up. Yeah, she just covered it up, Judge Pius. She'll uncover it here in a moment, I think. Yeah, there she is. Great. Okay, our next case for argument is Jinkins v. Wal-Mart Realty Company. Let me just make sure everybody can hear. Judge Van Dyke? Yes, sir. Judge Callahan? Yes. Yes, loud and clear. Mr. Price? Yes, Your Honor. And Mr. Bournazian? Yes, Your Honor. Okay, we're good to go. All right. Mr. Price, I believe you're the appellant. Good morning, Your Honors. May it please the Court, Dennis Price for the appellant, Jeff Jinkins. I'd like to reserve two minutes for a bottle of lemonade. I'm here before you today to discuss an extraordinarily powerful tool in the Federal Rules of Civil Procedure, but one that doesn't get a lot of review, Rule 68. Rule 68 has two main operations for a receiving plaintiff. If you could raise your voice a little bit, that would be better. Yes, I can. That's the first time I've ever been accused of being too quiet. Plaintiffs are not allowed to propound offers of judgment, so we get two aspects. First, whether to accept an offer as received, and second, an enforcement mechanism. Today's case really stems from confusing those two separate provisions and failing to separate them. So we'll talk about the offer. These are powerful tools, as Merrick v. Chesney taught us. It operates to deny plaintiffs the protections of all civil rights statutes in terms of fee shifting and the protections that Hensley and the Christensenburg cases provide. Evaluating these offers is difficult. The fee provisions in civil rights statutes are open to extreme amounts of discretion, and in one district, one judge may offer as much as three to four times as much in fees as another judge. Civil rights cases also have non-monetary aspects that must be weighed, just as happened here. When evaluating a Rule 68 offer, all of these things need to be considered. It's really a risk analysis. There's a policy matter to take into consideration when considering these. Rule 68 was created to encourage defendants to essentially make the proverbial offer you can't refuse. Artfully drafted Rule 68s, they want to make a plaintiff accept and be really unhappy doing it. It's effectively a risk analysis of what is the likely worst-case result if a plaintiff actually prevails on the case. If a plaintiff rejects, it hangs a pall over the entirety of the remainder of the case. Defendants may be emboldened, believing they're no longer susceptible to bearing their own costs and potentially not having to pay the plaintiff's fees. I appreciate the concerns that you're articulating, but here, the district court said that the offer, that your acceptance of the second Rule 68 offer was not clear. Yes, Your Honor. Why did the district court err? The district court erred because it made that determination based off of a proposed judgment that was attached with the enforcement mechanism. The notice of acceptance is unambiguously clear. There's no equivocation. It references... Wait a second. What the district court noted, the offeror can prescribe a single and exclusive mode of acceptance. In offer number two, Walmart stated that the offer may be accepted by a signed written acceptance addressed to J. David Bernassian at his office address in Irvine, California. Did Jenkins comply with this mode of acceptance? Jenkins served it via the ECF system. I don't believe that the district court made the determination based on the method of service. I'm not sure that a Rule 68 offer can modify the method of acceptance. That's set by rule as requiring service. What the district court said was the proposed order was inconsistent with the terms of the offer. I don't believe that's the proper method of looking at things because the actual notice of acceptance is what is relevant. This is where I'm saying that the two areas of the rule are getting combined together and creating this result. The notice of acceptance included the offer of judgment as an exhibit, referenced it... Why did you submit a proposed judgment along with the offer of acceptance? The rule says that the clerk, once the offer is accepted, the clerk shall enter a judgment. I agree, Your Honor. We have had difficulties with this, with various courts interpreting Rule 68 differently and requiring plaintiffs to include orders or judgments associated with them. My personal belief is that is improper. We believe the clerk should be the one entering judgment, but even on the courts who have agreed with us on that, the clerk asked the plaintiff to draft a proposed order or a proposed judgment. It does create some of these ambiguities because the plaintiff is charged with essentially interpreting the defendant's offer. Here, we did that in error. Let me ask you this. As I recall from my own practice as a district judge, whenever anybody would submit a judgment, a proposed judgment, I would wait a few days to see if the other side was going to object. Did anything like that happen here? Nothing like that happened here, Your Honor. It's surprising to me, and I think it goes to the good faith that was involved in this case, that the defendant didn't object to the judgment. They objected to the notice of acceptance. They could have objected that the judgment itself was improper because the clerk could have done it. They could have proposed an alternative judgment. Did they submit an alternative judgment? They did not, Your Honor. They simply objected to the second offer of judgment acceptance. Their position at the time was that we accepted a revoked offer so that it's fairly clear that Walmart never had any intention of allowing plaintiffs to accept this. When we indicated informally our intent to accept it, they told us they withdrew it and then gave us a third offer of judgment that was actually less than the second one that we'd indicated to accept. And then when we filed our notice of acceptance with the court, they said it was improper and it shouldn't be allowed to be entered in judgment. This puts plaintiffs in a bind because when a plaintiff accepts a Rule 68, we indicate we think our case has some weakness. And even if we don't get a judgment out of that, no defendant is ever going to settle that case. They now know that you think your case has some weaknesses, and they're going to be involved. It's unclear exactly what the practical effect would end up being here. Did we deny the Rule 68? If we had prevailed and gotten a lower amount, would we have been held to account for not accepting it? It really just strains the effects that go into this. I think it's important to talk about why it is that the enforcement mechanism is considered by at least five circuits, and I believe the Ninth Circuit has indicated acceptance for that, that these are self-executing and that there is no discretion left to the court in deciding whether to enter judgment. That should have been done here. If they didn't like the judgment that was produced by the plaintiff, well within the discretion of the court to... If the acceptance is clear and unambiguous, it's pretty clear what's to happen, but they could always object and say, well, it turns out the acceptance, they offered counterterms in their acceptance. Therefore, it's not clear. Yes, Your Honor. As I read your notice of acceptance, it seems pretty clear that you accepted plaintiff accepts defendant Walmart Realty Company and Walmart Stores Inc.'s offer of judgment dated October 30, 2018, made pursuant to Federal Rule 68. Defendant's offer of judgment dated October 30 is attached as Exhibit 1. Turns out you didn't label them, but that seems to me a pretty clear acceptance, and I understand the argument to be that, well, he also attached this proposed judgment, and that just shows that you had... It doesn't track the exact terms in the offer, and therefore you altered the terms of the offer, and therefore there was not a clear acceptance. Yes, Your Honor. That's the district court's position, but I believe even considering the proposed judgment as part of the acceptance package is an error. The Rule 68 makes very clear what... If you take that position, that's great, but then the district court could look at it and say, well, you're trying to play fast and loose and put a judgment in that really doesn't comport with what your acceptance was. I mean, courts get confused if they think that attorneys sometimes are either on one or both sides are not, you know, they're not playing honest with the court, or that they're trying to pull a fast one. And I'm not sure that the court didn't think that here, that both of you were maybe trying to pull a fast one or something. I'm not sure if the court thought that or didn't think that, Your Honor, but the court did not indicate that. The court construed this as part of the acceptance. I accept that the court declined to enter judgment based on the form of the judgment that was proposed, and I think the court would have been well within its rights to say, we have a notice of acceptance, but we have a defective entry of judgment package, and you need to fix it. There is no deadline on the entry of judgment. I think that's notable in Rule 68. The acceptance was timely. Many, many cases never actually have a judgment that's entered. The parties simply enter into a settlement agreement rather than seek judgment. And then Rule 68... Your time is almost up. In fact, you've got 30 seconds left. Do you want to save some time for rebuttal? Yes, I will save your remainder for rebuttal, Your Honor. Thank you. I'll add a minute to that. Mr. Rothberg. Thank you, Your Honor. May it please the court. David Bornasian for Appellee's Walmart Realty Company and Walmart, Inc. Here we have an ADA case in which it is now undisputed that summary judgment was properly granted, and the issue on summary judgment was whether or not injunctive relief existed as to temporary barriers, specifically shopping carts, if there's a policy in place and if shopping carts are regularly removed, whether or not injunctive relief is necessary. That was the ultimate issue and the ultimate decision on summary judgment. We don't have any argument over that under Tanner and Pack and the Sharp case that Walmart's summary judgment was proper. Instead, we're going back a little bit in time to the Rule 68 issue that ultimately was a rejection. Here, Walmart issued its second offer for Rule 68 acceptance. It had specific terms or method for acceptance. But what's significant here is Jenkins responded back saying attached and subject to my  are these differing terms that have injunctive relief remaining, the court overseeing settlement and that is in that document that they're attached to. Let me ask you, what's ambiguous? And that the case is not If you go to the notice, I read the notice of acceptance. What's ambiguous about that? So what's ambiguous is they're saying it is we're accepting under the attached Exhibit 1, which is the judgment. It wasn't a separate judgment lodged with the court. I am accepting under Langenberg. If I say to Your Honor, I want to accept your offer, but it's subject to these 20 additional terms or these two significantly differing terms. Now we have a lack of meeting of the minds, and the court did the proper thing here. The district court did the proper thing to say, well, let's get to the bottom of this. Let's have an evidentiary hearing. You said that the offer of acceptance says subject to the judgment? Your Honor, I believe what it says is under the Rule 68, which is Exhibit 1. But what was Exhibit 1 was the judgment with very differing terms, Your Honor. And that's very important. This is Judge Van Dyke. This isn't the first time you've been kind of fast and loose with what things... In your brief, on page on page 18 of your brief, you say, Mrs. Carson did not offer to appear telephonically. You say that. You need to look at that, or do you remember saying that? Saying that Mrs. Carson did not offer to appear telephonically. Yes, Your Honor. Yeah, you say that. And then I'm looking at Excerpts of Record 21, where Mrs. Carson says, I am more than happy to be available by telephone to respond to any and all inquiries the Court may have. And I think what you just said to Judge Paez was sort of a twisting of the record, too, which is particularly troubling in this case, because it seems to me that in front of the District Court and on appeal, you characterize things. You basically say they were committing fraud. And it looks to me when I read it that somebody made some mistakes here. They didn't need to do a proposed order, and they did one that didn't quite match up, but who cares because this was just an exhibit. And as she said, and I guess while I'm at it, you also say in your brief, you say not once did Jenkins rescind the judgment, nor did Jenkins serve a straightforward absolute acceptance on page 39. But then if you actually again go to Excerpts of Record 23, she explains what happened here. She says, I'd never prepared a proposed judgment, so I basically riffed off another one. It wasn't my intent to change the material terms. And then she goes on and says at the very end of page 23 on 24, if the Court believes that my phrasing of the proposed order does not accurately or fully reflect the second offer of judgment, the proposed offer could simply be disregarded or amended accordingly. She did this within the 14 days. This is within the 14 days, if I recall correctly. So I feel like what happened here is you threw up so much dust accusing her of fraud and of doing this all fraudily, when it's pretty clear to me that she just made a mistake. And it's particularly troubling because you say things that are false too in your briefing. And yet I don't think you're like trying to commit a fraud on the Court. I just figure you're a little, you know, could do a better job. So that I think is what misled the District Court into focusing on her proposed order instead of focusing on her her instead of focusing on her acceptance. Well, Your Honor, I'm happy to address that, please. By all means, we're always trying to be absolutely accurate. I'm looking at that statement that took place during the 14-day period. And it said, and I'm quoting, I believe it's on paragraph 14, line 22, injunctive relief will be addressed when the Court confirms. The issue remains... It was not my intent to change the material terms of the second offer of judgment. If the Court believes my phrasing is not accurate in the proposed order, then simply disregard it, which Courts do all of the time. That's why it's called, that's why it has the word proposed in front of the order. So, again, to get to the bottom of a situation like this where we have potentially or at least competing terms, the method is to go through an evidentiary hearing, which is what was done here, and see if there's an acceptance. And what was troubling, Your Honor, was that during this time frame, there wasn't just a clear acceptance. They didn't just provide the clear acceptance. But one fact that goes against you here is that they're separate. So why doesn't the separation between Jenkins' notice of acceptance and his quote-unquote proposed judgment mean that additional terms were a mere request? They're not in the same document. They're separate. And, Your Honor, the terms do not have to be in the same document. We've got a host of cases that we've cited in our brief, from Landenburg to Riverside, Robinson, Riverside Fence Company. Again, if I'm saying I'm accepted subject to terms, I can attach them as an exhibit and have differing terms, then the issue becomes is injunctive relief still being sought here by Mr. Jenkins even after the acceptance? And the determination was yes, because we had responses indicating that there was still injunctive relief being sought. And as a result, the determination was made this was not an acceptance by the plaintiff, correctly so by the District Court. Except she didn't say subject to. She just said plaintiff accepts. The difference was it's plaintiff accepts made pursuant to the rule, Federal Rule 68, defendants offer judgment dated October 30th is attached as Exhibit 1. And Exhibit 1 is a judgment that says the court reserves jurisdiction for execution. There was no label on the exhibit. There was two things that were attached electronically. And one of them was the offer of judgment. And the other was the proposed order. And it seems to me like they messed up the order here. Like they just didn't tap in the right order. But if I was reading this, I would say it's pretty clear. Quote, plaintiff accepts, defendants, Walmart Reality Company, etc., offer of judgment in stock. Defendants offer judgment is attached as Exhibit 1. It says nothing about the proposed order. So if I was reading that, I would just say, oh, so the second thing behind this is they put it in the wrong order. And look, here's the proposed order. And then, as was said earlier, why wouldn't you just object to the proposed order? I think you didn't object to the proposed order because you didn't want to, you didn't want this offer to be accepted. I guess one question I've got, maybe this is just my personal, we've got this appeal here. If we rule in favor and send this back and say, say, Jenkins, you know, Jenkins prevails, are all, what's going to happen for attorney's fees on appeal? Well, two issues, Your Honor. If I could just address the, if you look at the ECF document and it's provided with our reply and the motion to strike, Your Honor, 35-1, which becomes Exhibit 1, is the proposed judgment. Which becomes, again, fast and loose, which becomes Exhibit 1. It's just 35-1 and 35-2, and the offer of judgment is attached as, quote, Exhibit 1, but you're right. It was 35-2. So it was attached in the wrong order. Well, certainly we weren't aware it was attached in the wrong order, and that's why we undertake an evidentiary hearing, Your Honor, and determine what are the terms? Are they accepting the terms unconditionally, unequivocally? And that's where the reinforcement kept taking place. No, we still have this issue of objectivity. And within the 14 days, counsel said, was asked about this, and she said, you know, I just wrote a proposed order riffing off of something. I didn't mean to change anything. If you want to ignore the proposed order, fine. So it seems to me that pretty much clarified things. Well, certainly the district court didn't find that, because I think the difference, Your Honor... Because you kept accusing her of fraud. Well, I think the question was, why was that submitted in that form? And if they don't want injunctive relief to remain, if they don't want injunctive relief to remain, and the case is concluded with prejudice, just absolutely say that, or provide, under Rule 68, the proper method, which is during that 14-day period, just provide an unequivocable acceptance. Mr. Bournoisian, why didn't you just submit your own judgment? Just tell the court. Because the question in my mind is, what are they accepting? Are they accepting absolutely, without injunctive relief? I just beg to differ. If you just look at the notice of acceptance, it's pretty clear what they were accepting. Well, as I say, Your Honor, that's why we have an evidentiary hearing, and that's why Judge Wilson, the district court, determined that difference here. Okay. It was me saying, this is a huge question, why don't they accept, period. The district court's saying the same thing. We're going through an evidentiary process, and it's still not absolute, Your Honor. Okay, thank you very much, Mr. Bournois. You have a counsel. You have a few minutes. You had a minute and 34 seconds left for rebuttal. Yes, Your Honor, thank you. I just want to correct some statements. This was gestured at by Judge Van Dyke, but the appellee has said that the proposed order was attached as Exhibit 1. It was Attachment 1, and I don't need to turn this into a semantic difference, because it's very common that a statement of uncontroverted facts is often the first exhibit. An index of exhibit is often the very first document. A statement of uncontroverted facts is often the first. The proposed order being first isn't even that uncommon. It's not my preference that it be done that way, which is why I didn't realize it had been done that way when I prepared the index of the record here. But it's not improper, and it's simply incorrect to say that the attachment order dictates the exhibit number. It was an error not to include an exhibit tab, and I've actually changed our policy as a firm to make sure exhibit tabs are always done, and partly because of this. But I think Walmart has continued to be very loose with the facts on this, and tried to throw chafe into the air about what exactly happened here. The suggestion that we should have just accepted it again is a distinct change in position for Walmart, because Walmart's position was they had withdrawn this offer. If we had just accepted it again, they would have been doubled down on the idea that it wasn't active anymore. There really was not a full evidentiary hearing that was done here. We were given no opportunity to submit additional facts. We were not given the opportunity to submit additional parole evidence as well as their intent to accept, and frankly, it shouldn't have been necessary. I believe the district court made a clear error here in considering the proposed judgment and deciding that that rule dictated. Counsel, can I ask you a question for Judge Pius? Yes. My question to your opposing counsel, when we send this back, it seems weird to me that we had this whole appeal, and the dollar value doesn't even seem that great in this case. What happens with attorney's fees on appeal if we reverse the district court and send this back? I understand where you're coming from, Your Honor, with that. It's an awkward position, because we are going to be seeking our attorney's fees for prevailing on the appeal if we receive the judgment in our favor. Those fees will likely dwarf the amount of the judgment that was accepted. That's the necessity in litigating a civil rights case. You bear the cost that the plaintiff will get his attorney's fees covered. It's bizarre to me that Walmart chose to litigate over $9,000 when they actually made this offer, but that's the way it goes. That's Henley. That's Christiansburg. That's the law. With that, I will submit. Thank you, counsel. We appreciate your willingness to work with us with our video arguments. That ends that case. Thank you. There are two other cases on the calendar. Both of them are submitted. That's Purecco and Browning. Then we'll take a short five-minute recess while we get organized for Wright.
judges: Paez, Callahan, Vandyke